DOUCET, Judge.
Defendant sold marijuana to an undercover narcotics agent on several occasions. The drug sales totaled approximately $1,900.00. On September 17, 1992, the defendant was charged by bill of indictment with two counts of distribution of marijuana. Thereafter, on December 3, 1992, the defendant was charged by six bills of indictment with a total of twelve counts of distribution of marijuana.
On February 26, 1993, the defendant pled guilty to seven counts of distribution of marijuana. On April 23,1993, the defendant was sentenced to five years in the custody of the Department of Corrections on each count ■with the sentences to run concurrently.
Defendant contends La.C.Cr.P. art. 893(A) is unconstitutional. Article 893(A) prohibits a suspended sentence for a defendant charged with any other felony since the date of first conviction.
At sentencing, the trial judge noted he was not inclined to grant the defendant probation. The trial judge later noted he could not actually consider probation because he did not believe defendant was eligible under article 893 because the defendant was charged with a felony since her last conviction.
Defense council argues La.C.Cr.P. art. 893(A) violates due process because the article prohibits á suspended sentence for a defendant who is merely charged with a felony even though defendant is never convicted.
A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
La.C.Cr.P. art. 894.1(B)
Article 894.1(B) overrides the requirements of article 893, making a sentence which falls within the discretionary sanction zone subject to probation even though probation is barred by article 893. The Department of Probation and Parole calculated defendant’s criminal history index classification as 4D. Based on the information contained in the Sentencing Guidelines Report, 4D is the correct calculation and 4D falls within the discretionary sanction zone.
In C. Joseph, Jr., B. Boudreaux, Jr., C. Lindsey' and M. Menezes, Louisiana Sentencing Guidelines Manual, (1993 Ed.), the authors noted no clear “in-out” line is defined. In other words, the sentencing guidelines do not delineate a specific dividing line above which the offender must go to jail. The authors also point out the courts should explore alternatives to lengthy incarceration which would adequately serve as punishment. In footnote, the authors further stated:
102. In accord, the legislature amended LSA-C.Cr.P. art. 894.1(B) to provide that the court may impose “a sentence which includes incarceration or other significant sanctions, which is appropriate under the guidelines notwithstanding any limitation or probation or suspension of sentence under the provisions of article 893.” The purpose of the amendment was to permit the court to follow the Guidelines’ recommended sentence range for intermediate *671 sanctions, despite an offender’s prior felony conviction. The phrase “other significant sanctions” refers to sanctions such as home incarceration, periodic incarceration, and community services. This amendment gives greater flexibility in cases where art. 893 would otherwise prohibit granting probation and require imposing a sentence consisting solely of a term of incarceration and a fine.
Id. at 17.
This footnote specifically addresses intermediate sanctions and the defendant in the instant ease was sentenced in the discretionary zone. We find article 894.1(B) applies to both intermediate and discretionary sanction zones.
La.C.Cr.P. art. 881.6 and La.C.Cr.P. art. 894.1(A) provide that “no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines to the commission.”
We find the sentencing court improperly relied on La.C.Cr.P. art. 893 in denying defendant probation where defendant’s criminal history index classification fell within the discretionary sanction zone. Accordingly, the sentence imposed by the trial court is vacated and the case is remanded. The trial court is instructed it may consider probation for this defendant in accord with La.C.Cr.P. art. 894.1(B).
SENTENCE VACATED and REMANDED.